CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 0 7 2007

JOHN F CORCORAN, CLERK
BY: /s/ K Botson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE No. 5:07cr00049 |
| v. | **REPORT AND RECOMMENDATION** |
| JUAN VALADEZ-AVILA, | By: Hon. James G. Welsh |
| Defendant | U.S. Magistrate Judge |

The Grand Jury previously returned an Indictment charging this defendant in Count One with knowingly combining, conspiring, confederating, and agreeing with diverse persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute, and possess with the intent to distribute, not before January 2007, fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), all in violation of Title 21, United States Code, Section 846; in Count Two with knowingly and intentionally distributing, on or about May 16, 2007, fifty (50) grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii); in Count Three with knowingly and intentionally distributing, on or about May 21, 2007, fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) and Title 18, United States Code, Section 2; and in Count Four with knowingly and intentionally possessing a firearm, on or about May 21, 2007, in furtherance of the drug trafficking crime charged in Count Three, in violation of Title 18,

United States Code, Section 924(c)(1) and Title 18, United States Code, Section 2. The defendant was previously arraigned and entered a plea of Not Guilty to each of these charges. The defendant having now indicated an intent to change his plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on December 3, 2007. The defendant was at all times present in person and with his counsel, Frederick T. Heblich, Jr., Assistant Federal Public Defender. The United States was represented by Bruce A. Pagel, Assistant United States Attorney. Also present was a properly qualified interpreter for the defendant whom he could understand and who could understand him. *See* Rule 28, Federal Rules of Criminal Procedure. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Counts One and Four of the Indictment.

## A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

2

The defendant testified that his full legal name is Juan Valadez-Avila, that he is nineteen (19) years of age, that he completed the tenth grade in school in Virginia, and that he can read and understand English "a little". He stated, however, that he can understand and participate fully in the proceedings with the assistance of the Spanish language interpreter. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings, and he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings.

The defendant testified that he had discussed the charges with his attorney, that he had previously received a copy of the Indictment against him, and that the charges against him in the Indictment had been fully translated and read to him. He testified that he understood each of the charges, and he understood that each was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charges contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to two of the charges against him.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the terms of the sentencing recommendation (¶ 6); the defendant's agreement to plead guilty to Counts One and Four of the Indictment (¶ 1); the defendants acknowledgment of the maximum and mandatory minimum sentences for the offenses set

3

forth in Counts One and Four (¶ 1); the defendant's obligation to pay a One Hundred Dollar assessment per felony count for which he is convicted (¶¶ 1 and 5); the government's agreement to dismiss at the time of sentencing Counts Two and Three in exchange for the defendant's pleas of guilty (¶ 2); the terms of the agreement's provision concerning the defendant's role in the offense (¶ 3); the agreement's provision concerning the defendant's acceptance of responsibility (¶ 4); the terms of the defendant's waiver of his right to appeal his conviction and sentence and waiver of his right to a jury determination of all sentencing guideline related issues (¶ 7); the terms of the defendant's waiver of his rights to attack collaterally either his conviction or any part of the sentence which might be imposed by the court (¶ 8); the terms of the defendant's waiver of any right to access investigative or prosecution records (¶ 9); the agreement's provision concerning any evidence proffered by the defendant (¶ 10); the agreement's substantial assistance provision (¶ 11); the agreement's provisions concerning the abandonment of any contraband (¶ 12), asset forfeiture (¶ 17) and statute of limitations waiver (¶ 13); and the substance of the terms set forth in the agreement's paragraphs numbered 14 through 16 and 18 through 20.

Counsel for the defendant and the defendant then separately stated that their understanding of the plea agreement was the same as that set forth by the government's attorney. The defendant having indicated to the court that the full plea agreement had not been translated and read to him, the court took a recess to permit a full translation of the agreement. After which the defendant testified that the agreement accurately set forth his understanding of his agreement with the government and that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to

4

plead guilty. He stated that he knew that his plea, if accepted, would result in him being adjudged guilty of the offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter a plea of guilty to Counts One and Four of the Indictment which charged him in Count One with conspiring to distribute 50 or more grams of a substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Section 846 and 841(a)(1) and (b)(1)(B), and in Count Four with possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

After the attorney for the government again informed the defendant of the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment and the mandatory consecutive term of imprisonment provided by law for the offence charged in Count Four, the defendant acknowledged unequivocally that he understood five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count One and that a consecutive five (5) year term of imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count Four. *See* Rule 11(b)(1)(I). The attorney for the government also again informed the defendant of the maximum possible penalties provided by law for the offenses charged in Counts One and Four of the Indictment, and the defendant expressly acknowledged that he understood the maximum

5

possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for forty (40) years and a $2,000,000.00 fine, and similarly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Four of the Indictment to be confinement in a Federal penitentiary for life and a $250,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the Government. See Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay the mandatory Two Hundred Dollar ($200.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in

6

accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of guilty pleas to Counts One and Four. *See* Rule 11(b)(1)(F).

7

The defendant stated that he was pleading guilty because he was in fact guilty of the crimes charged in Counts One and Four of the Indictment.

In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the plea, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had been fully reviewed with the defendant and that he had initialed each page of same, both the defendant and his attorney agreed that it fairly summarized the government's evidence.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 21, United States Code, Section 846 and 841(a)(1) and (b)(1)(B), and a plea of GUILTY to Count Four alleging and the defendant's violation of Title 18, United States Code, Section 924(c).

After entering his pleas as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the

8

defendant reiterated that his pleas of guilty were fully voluntary and that he was fully satisfied with the advice, assistance and services of his attorney.

The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents, that he had initialed each page of it, and that he and his attorney agreed to its accuracy, it was received and filed without objection and made a part of the record. It is hereby incorporated and made a part hereof by reference.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable or entering informed pleas;

2. The defendant is fully aware of the nature of the charges and the consequences of his plea;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

9

4. Before entering his plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of pleas of guilty to Counts One and Four were all made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's entry of a plea of guilty to Count Four was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

8. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other the one promise contained in the plea agreement;

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis of fact containing each essential element of the two offenses to which the defendant is pleading guilty.

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's pleas of guilty to Count One and Count Four of the Indictment, that the defendant be adjudged guilty of those two offenses, that the Government's motion to dismiss Count Two and Count Three be granted, and that a sentencing hearing be scheduled by the presiding district judge on February 26, 2008 at 10:00 a.m.

### E. NOTICE TO PARTIES

10

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 6rd day of December 2007.

s/ James G. Welsh  
United States Magistrate Judge